United States Bankruptcy Court

Middle District of Pennsylvania

In re: Case No. 24-02832-HWV

William Foster Gleason     Chapter 13
    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-1     User: AutoDocke     Page 1 of 2
Date Rcvd: Dec 19, 2024     Form ID: pdf002     Total Noticed: 21

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. § 342(f)/Fed. R. Bank. P. 2002(g)(4). |
| ^ | Addresses marked '^' were sent via mandatory electronic bankruptcy noticing pursuant to Fed. R. Bank. P. 9036. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 21, 2024:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | William Foster Gleason, 1445 S 12th St, Harrisburg, PA 17104-3104 |
| 5665679 | + | Belco Community CU, 403 N 2nd St, Harrisburg, PA 17101-1377 |
| 5665682 | ++ | CAPITAL REGION WATER, ATTN AR MANAGER, 3003 N FRONT STREET, HARRISBURG PA 17110-1224 address filed with court:, Capital Region Water, 3003 N Front St, Harrisburg, PA 17110-1224 |

TOTAL: 3

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 5674663 | | Email/Text: bnc@atlasacq.com | Dec 19 2024 18:38:00 | Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck NJ 07666 |
| 5665680 | + | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 19 2024 18:49:19 | Capital One, Po Box 31293, Salt Lake City, UT 84131-0293 |
| 5668171 | | Email/PDF: AIS.cocard.ebn@aisinfo.com | Dec 19 2024 18:48:52 | Capital One N.A., by AIS InfoSource LP as agent, PO Box 71083, Charlotte, NC 28272-1083 |
| 5665683 | + | Email/PDF: creditonebknotifications@resurgent.com | Dec 19 2024 18:48:53 | Credit One Bank, PO Box 98875, Las Vegas, NV 89193-8875 |
| 5665684 | + | Email/Text: GenesisFS@ebn.phinsolutions.com | Dec 19 2024 18:38:00 | Feb Destiny, Po Box 4499, Beaverton, OR 97076-4499 |
| 5665685 | + | Email/Text: accountresearch@goodleap.com | Dec 19 2024 18:38:00 | GoodLeap LLC, 8781 Sierra College Blvd, Roseville, CA 95661-5920 |
| 5665686 | + | Email/Text: bk@gafco.net | Dec 19 2024 18:38:00 | Great American Finance, 205 W Wacker, Chicago, IL 60606-1216 |
| 5666999 | ^ | MEBN | Dec 19 2024 18:32:13 | Great American Finance Holdings, LLC, 200 South Michigan Avenue, Suite 450, Chicago, Illinois 60604-2400 |
| 5665687 | | Email/Text: sbse.cio.bnc.mail@irs.gov | Dec 19 2024 18:38:00 | Internal Revenue Service, PO Box 7346, Philadelphia, PA 19101-7346 |
| 5665688 | | Email/Text: bk@lendmarkfinancial.com | Dec 19 2024 18:38:00 | Lendmark Financial Services, 2118 Usher St, Covington, GA 30014 |
| 5665689 | ^ | MEBN | Dec 19 2024 18:32:19 | LoanDepot.Com LLC, 6561 Irvine Center Dr, Irvine, CA 92618-2118 |
| 5665691 | | Email/Text: EBN@Mohela.com | Dec 19 2024 18:38:00 | MOHELA/Dept of Ed, 633 Spirit Dr, Chesterfield, MO 63005 |
| 5665690 | + | Email/Text: bankruptcydpt@mcmcg.com | Dec 19 2024 18:38:00 | Midland Credit Management, 320 E Big Beaver, 300, Troy, MI 48083-1271 |
| 5665692 | + | Email/PDF: cbp@omf.com | Dec 19 2024 18:49:20 | OneMain, Po Box 1010, Evansville, IN |

| Recip ID | | Notice Type | Date/Time | Name and Address |
|---|---|---|---|---|
| | | | | 47706-1010 |
| 5674220 | + | Email/PDF: cbp@omf.com | Dec 19 2024 18:49:37 | OneMain Financial, PO Box 3251, Evansville, IN 47731-3251 |
| 5675420 | | Email/Text: bnc-quantum@quantum3group.com | Dec 19 2024 18:38:00 | Quantum3 Group LLC as agent for, Concora Credit Inc., PO Box 788, Kirkland, WA 98083-0788 |
| 5665693 | | Email/PDF: ais.sync.ebn@aisinfo.com | Dec 19 2024 18:49:18 | SYNCB/Care Credit, PO Box 965036, Orlando, FL 32896-5036 |
| 5665694 | ^ | MEBN | Dec 19 2024 18:32:14 | US Dept of ED, 100 Global View Dr - Ste 800, Warrendale, PA 15086-7612 |

TOTAL: 18

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | *P++ | ATLAS ACQUISITIONS LCC, 492C CEDAR LANE SUITE 442, TEANECK NJ 07666-1713, address filed with court:, Atlas Acquisitions LLC, 492C Cedar Lane, Ste 442, Teaneck, NJ 07666 |
| 5665681 | *+ | Capital One, PO Box 31293, Salt Lake City, UT 84131-0293 |

TOTAL: 0 Undeliverable, 2 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 21, 2024     Signature:     /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on December 19, 2024 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Brent J Lemon | on behalf of Creditor LOANDEPOT.COM  LLC blemon@kmllawgroup.com |
| Charles Laputka | on behalf of Debtor 1 William Foster Gleason claputka@laputkalaw.com jen@laputkalaw.com;jbolles@laputkalaw.com;laputka.charlesb@notify.bestcase.com |
| Jack N Zaharopoulos | TWecf@pamd13trustee.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 4

Rev. 12/01/19

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
William Foster Gleason

CHAPTER 13
CASE NO. 1:24-bk-02832-HWV

☒ ORIGINAL PLAN
___ AMENDED PLAN (Indicate 1st, 2nd, 3rd, etc.)
☐ Number of Motions to Avoid Liens
☐ Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

1. The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. ☐ Included  ☒ Not Included
2. The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. ☐ Included  ☒ Not Included
3. The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. ☐ Included  ☒ Not Included

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**

   1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $73,140.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 11/24 | 11/29 | 1,219.00 | 0.00 | 1,219.00 | 73,140.00 |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  | Total Payments: | $73,140.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

Rev. 12/01/19

3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

4. CHECK ONE: ☐ Debtor is at or under median income. *If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.*

☒ Debtor is over median income. Debtor estimates that a minimum of $211,559.40 must be paid to allowed unsecured creditors in order to comply with the Means Test.

B. **Additional Plan Funding From Liquidation of Assets/Other**

1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

*Check one of the following two lines.*

☒ No assets will be liquidated. *If this line is checked, the rest of § 1.B.2 and complete § 1.B.3 if applicable*

☐ Certain assets will be liquidated as follows:

2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $__ from the sale of property known and designated as __. All sales shall be completed by __. If the property does not sell by the date specified, then the disposition of the property shall be as follows:

_____

3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

_____

2. **SECURED CLAIMS.**

A. <u>Pre-Confirmation Distributions.</u> *Check one.*

☒ None. *If "None" is checked, the rest of § 2.A need not be completed or reproduced.*

☐ Adequate protection and conduit payments in the following amounts will be paid by the Debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
|  |  |  |
|  |  |  |

1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

B. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.</u> *Check one.*

☐ None. *If "None" is checked, the rest of § 2.B need not be completed or reproduced.*

2

Software Copyright (c) 1996-2024 Best Case, LLC - www.bestcase.com    Best Case Bankruptcy

Case 1:24-bk-02832-HWV    Doc 17    Filed 12/21/24    Entered 12/22/24 00:24:45    Desc
Imaged Certificate of Notice    Page 4 of 7

| Name of Creditor | Description of Collateral | Last 4 digits of account |
|---|---|---|
| LoanDepot.Com LLC | 1445 S 12th St, Harrisburg, PA 17104 Dauphin County | |
| | | |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. *If "None" is checked, the rest of § 2.C need not be completed or reproduced.*

| Name of Creditor | Description of Collateral | Estimated Pre-Petition Arrears to be cured | Estiamted Post-Petiton Arrears to be cured | Estimated total to be paid in Plan |
|---|---|---|---|---|
| LoanDepot.Com LLC | 1445 S 12th St, Harrisburg, PA 17104 Dauphin County | $6,750.00 | 0.00% | $6,750.00 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☒ None. *If "None" is checked, the rest of § 2.D need not be completed or reproduced.*

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

E. **Secured claims for which a § 506 valuation is applicable.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.E need not be completed or reproduced.*

☐ Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan, Adversary or Other Action |
|---|---|---|---|---|---|
| | | | | | |

F. **Surrender of Collateral.** *Check one.*

☒ None. *If "None" is checked, the rest of § 2.F need not be completed or reproduced.*

G.  **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens. Check one.*

☒ None. *If "None" is checked, the rest of § 2.G need not be completed or reproduced.*

3.  **PRIORITY CLAIMS.**

    A.  **Administrative Claims**

        1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

        2. <u>Attorney's fees</u>. Complete only one of the following options:

            a.  In addition to the retainer of $ 1,937.00 already paid by the Debtor, the amount of $ 3,063.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

            b.  $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

        3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above.
           *Check one of the following two lines.*

        ☒ None. *If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.*

    B.  **Priority Claims (including, certain Domestic Support Obligations)**

    Allowed unsecured claims, entitled to priority under § 1322(a) will be paid in full unless modified under § 9.

    | Name of Creditor | Estimated Total Payment |
    |---|---|
    | Internal Revenue Service | $108.00 |

    C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B)**. *Check one of the following two lines.*

        ☒ None. *If "None" is checked, the rest of § 3.C need not be completed or reproduced.*

4.  **UNSECURED CLAIMS**

    A.  **Claims of Unsecured Nonpriority Creditors Specially Classified.**
        *Check one of the following two lines.*

        ☒ None. *If "None" is checked, the rest of § 4.A need not be completed or reproduced.*

    B.  **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes:**

        <u>ALL UNSECURED CLAIMS WILL RECEIVE INTEREST AT A RATE OF 95 OVER THE LIFE OF THE PLAN</u>

5.  **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*

    ☒ None. *If "None" is checked, the rest of § 5 need not be completed or reproduced.*

6.  **VESTING OF PROPERTY OF THE ESTATE.**

    Property of the estate will vest in the Debtor upon

*Check the applicable line:*

☐ plan confirmation.
☐ entry of discharge.
☒ closing of case.

7. **DISCHARGE:** (Check one)

☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1: _____
Level 2: _____
Level 3: _____
Level 4: _____
Level 5: _____
Level 6: _____
Level 7: _____
Level 8: _____

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

Dated: October 31, 2024          /s/ Charles Laputka
                                 Charles Laputka 91984
                                 Attorney for Debtor

                                 _____
                                 William Foster Gleason
                                 Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.