UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: WILLIAM FOSTER GLEASON, Debtor | : CHAPTER 13 : : |
| JACK N. ZAHAROPOULOS, STANDING CHAPTER 13 TRUSTEE, Movant | : : CASE NO. 1:24-bk-02832-HWV : : |
| vs. | : : |
| WILLIAM FOSTER GLEASON, Respondent | : : |

### TRUSTEE'S OBJECTION TO FIRST AMENDED CHAPTER 13 PLAN

AND NOW, this 21st day of February, 2025, comes Jack N. Zaharopoulos, Standing Chapter 13 Trustee, by and through his attorney Douglas R. Roeder, Esquire, and objects to the confirmation of the above-referenced Debtor's Plan for the following reasons:

1. The Debtor's Plan violates 11 U.S.C. §1322(a)(1) and §1325(b) in that the Debtor has not submitted all or such portion of the disposable income to the Trustee as required. More specifically,

the Trustee alleges, and therefore avers, that the Debtor's disposable income is greater than that of which is committed to the Plan based upon the Means Test calculation and specifically disputes the following amounts:

   a. The Debtor's Plan violates §1322(a)(1) and §1325(b) in that the Debtor has not submitted all or such portion of the disposable income required. The Trustee alleges and avers that the Debtor's disposable income is greater than the monthly amount committed to the Plan based upon the Means Test calculation. Even Plans that pay a 100% dividend to unsecured creditors are required to pay the monthly Means Test minimum amount, unless the Plan pays a 100% dividend to unsecured creditors and interest is paid to unsecured creditors at the federal judgment interest rate. See *In re Parke,* 369 B.R. 204 (Bankr. M.D. Pa. 2007) and *In re Barnes,* 528 B.R. 501 (Bankr. S.D. Ga. 2015).

2. The Trustee avers that the Debtor's Plan is not feasible based upon the following:

   a. The Plan is ambiguous as to the term. The Plan must end in October of 2029, unless 100% is paid earlier.

WHEREFORE, the Trustee alleges and avers that the Debtor's Plan cannot be confirmed, and therefore, the Trustee prays that this Honorable Court will:

a. deny confirmation of the Debtor's Plan;
b. dismiss or convert Debtor's case; and
c. provide such other relief as is equitable and just.

Respectfully submitted:

Jack N. Zaharopoulos,
Standing Chapter 13 Trustee
8125 Adams Drive, Suite A
Hummelstown, PA 17036
(717) 566-6097

BY: /s/ Douglas R. Roeder, Esquire
Attorney for Trustee

# CERTIFICATE OF SERVICE

   AND NOW, this 21st day of February, 2025, I hereby certify that I have served the within Objection by electronically notifying all parties or by depositing a true and correct copy of the same in the Unites States Mail at Hummelstown, Pennsylvania, postage prepaid, first-class mail, addressed to the following:

Charles Laputka, Esquire
Laputka Law Office, LLC
1344 West Hamilton Street
Allentown, PA 18102-4329

                 /s/Derek M. Strouphauer, Paralegal
                 Office of Jack N. Zaharopoulos
                 Standing Chapter 13 Trustee